UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NIEVEZ FELIX,<br><br>          Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>          Defendant. | No. ED CV 09-01370-VBK<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>(Social Security Case) |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

    Plaintiff raises the following issues:

    1.   Whether the Administrative Law Judge ("ALJ") properly

      considered the lay witness statement;

2. Whether the ALJ properly considered the State Agency findings;

3. Whether the ALJ properly considered the treating psychiatrist's opinion;

4. Whether the ALJ properly considered Plaintiff's residual functional capacity; and

5. Whether the ALJ posed a complete hypothetical question to the vocational expert.

(JS at 2-3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ PROPERLY CONSIDERED THE LAY WITNESS STATEMENT**

**OF PLAINTIFF'S DAUGHTER**

In Plaintiff's first issue, she contends that the ALJ failed to properly address the law witness testimony of Celena Felix, Plaintiff's daughter.

In his decision (AR 24-30), the ALJ addressed a Functional Report Adult Third Party prepared in February 2004 by Plaintiff's daughter. (AR 28, 144-152.) The ALJ noted that this statement "was generally consistent with those of the claimant in that it emphasized the claimant's reduction in capacity since the onset of her medical problems but it also indicated that she was able to she was able to [sic] function in an adequate and independent manner in terms of her

1  basic activities of daily life and social functioning." (AR 28, 144-
2  152.)
3      Plaintiff's complaint seems to be that the ALJ did not address
4  another Function Report Adult Third Party by Mr. Felix prepared later
5  in the year, in September 2004. (AR 185-193.)
6      The Commissioner argues that there is no essential difference
7  between the two statements by Plaintiff's daughter, and that the
8  second statement is essentially cumulative of the first.  Plaintiff
9  does not dispute the similarity of the two documents, but instead
10 relies upon a seemingly technical argument that although the second
11 document was cumulative of the first, the ALJ had a duty to discuss
12 it.  This contention is provided without any legal support, and
13 indeed, the Court can find none.  Clearly, an ALJ must discuss
14 relevant evidence, but he did that.  He discussed and indeed accepted
15 the first Report by Plaintiff's daughter.  The ALJ is not, however,
16 under any obligation to discuss evidence which is merely cumulative or
17 does not add anything relevant.  Since Plaintiff does not contend that
18 the second report does not meet these criteria, the Court fails to
19 understand why it was error for the ALJ to fail to discuss the second
20 Report.  Further, the Court notes that Plaintiff's daughter provided
21 an assessment of Plaintiff's functional abilities which exceeded that
22 provided by Plaintiff herself in her pre-hearing statements and
23 testimony at the hearing.  For example, the ALJ noted that in certain
24 pre-hearing reports, Plaintiff "indicated that she had problems with
25 household chores, that she had been much more active in the past, that
26 she could not walk more than a block at time, stand more than half an
27 hour, or sit more than thirty to sixty minutes, but she also indicated
28 that she was still able to do her basic household chores as needed,

drive to shop and run errands as needed, go to church, and visit with friends." (AR 28, citing exhibits.) In the statement by Plaintiff's daughter, more restrictive or limited functional abilities are not described. Even if this had been the case, however, it would seem clear that Plaintiff would be in the best position to describe her own functional abilities. Finally, it is noted that the ALJ detracted from Plaintiff's credibility (AR 28), a finding which is not challenged by Plaintiff in this lawsuit.

For the foregoing reasons, the Court finds no merit in Plaintiff's first issue.

## II

**THE ALJ DID NOT FAIL TO PROPERLY CONSIDER THE STATE AGENCY FINDINGS AS TO PLAINTIFF'S MENTAL RESIDUAL FUNCTIONAL CAPACITY**

In her second issue, Plaintiff focuses on conclusions by State Agency psychiatrist Dr. Rivera-Miya that Plaintiff is moderately limited in her ability to maintain attention and concentration for extended periods, and similarly limited in her ability to interact appropriately with the general public. (AR 319-320.)

This issue does not merit substantial discussion. First, Plaintiff ignores the conclusions of both Dr. Rivera-Miya, Dr. Carfagni, and Dr. Loomis in a Psychiatric Review Technique Form dated November 4, 2004 that Plaintiff has no severe mental impairment. (AR 323.) Of equal importance is the fact that the ALJ noted that Plaintiff did not have severe depression because it did not cause more than minimal limitations in her ability to perform basic mental work activities. (AR 14.) The ALJ also relied upon conclusions reached in the prior decision, which was incorporated by reference, that he

4

placed reliance on the findings of the consultative psychiatric examiner ("CE"), Dr. Abejuela, who on September 24, 2004 completed a complete psychiatric evaluation of Plaintiff. (AR 27, 296-302.) In the first decision, the ALJ specifically discounted the State Agency psychiatrist's conclusion that Plaintiff was moderately limited in the two areas identified above. (Id.)

Plaintiff provides no reasons why the ALJ should have accepted the conclusions of a non-examining State Agency psychiatrist as to these moderate limitations as against that of an examining psychiatrist. It is unclear whether there was even a conflict in the evidence because, as noted, the same State Agency psychiatrist found no severe mental impairment. Even if there were, however, the ALJ discharged his responsibility to resolve any conflicts in the evidence. See Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

For the foregoing reasons, the Court finds no error as to Plaintiff's second issue.

**III**

**THE ALJ PROPERLY REJECTED THE TREATING PSYCHIATRIST'S OPINION**

In Plaintiff's third issue, she asserts that the ALJ failed to properly assess a Work Capacity Evaluation completed on March 25, 2005 by Plaintiff's treating psychiatrist. (AR 464-465.)

In his 2006 decision, which, as previously noted, was incorporated in the 2009 decision, the ALJ fully discussed and rejected the evaluations contained in this form, finding, in particular, that it was rejected due to its "simplistic nature," the inconsistency of the findings, and the psychiatrist's notation that Plaintiff only had certain "extreme" limitations when in the presence

5

of pain, while the record did not reflect any period of 12 or more months when Plaintiff had such serious pain. (AR 29.)

Plaintiff complains that the ALJ failed to explain why he considered the psychiatrist's conclusions to be inconsistent. This would, however, seem to be obvious on the face of the form, in that only one area (the ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances) was assessed with extreme functional limitations, while in every other area of mental functioning, Plaintiff's limitations were assessed to be "slight." Further, the ALJ's rejection of this form because of its simplistic nature is an implicit reference to the fact that such "check-off" forms are disfavored, especially when they are unsupported by objective findings. See Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996), citing Murray v. Heckler, 722 F.2d 499, 501 (9th Cir. 1983).

For the foregoing reasons, the Court finds no merit in Plaintiff's third issue.

**IV**

**THE ALJ PROPERLY CONSIDERED PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY**

In her fourth issue, Plaintiff asserts that the ALJ failed to correctly assess her residual functional capacity ("RFC"), because he did not account for the limitations set forth by the State Agency Physician, Dr. Rivera-Miya (see Issue No. 2), or the limitations assessed by the treating psychiatrist in his Work Capacity Evaluation (see Issue No. 3).

The Court has already addressed Plaintiff's concerns regarding both of these assessments, in its discussion of Issues Nos. 2 and 3.

6

1  Consequently, Plaintiff's fourth issue must be rejected as without
2  merit, because it relies upon a finding of error as to Issue 2 or
3  Issue 3.

## V
## THE ALJ DID NOT ERR IN HIS HYPOTHETICAL QUESTION
## TO THE VOCATIONAL EXPERT

At the hearing held on December 17, 2008 (AR 853-866), the ALJ posed a hypothetical question to the vocational expert ("VE") which posited that the individual can stand and walk two hours out of an eight-hour day; can sit six hours; can lift 20 pounds occasionally, 10 pounds frequently; can occasionally stoop and bend; can climb stairs but should not climb ladders, ropes or scaffolds nor work at unprotected heights where any balancing is required, and should work in an air conditioned environment. (AR 864.) In response, the VE indicated that this individual could do two of the past jobs performed by Plaintiff, that of fax administrator (customer service), and general clerk. (AR 864-865.)[1]

Plaintiff contends that the ALJ committed error in several regards. First, by failing to include in the hypothetical the non-exertional limitations concerning reaching, handling, fingering, feeling and pushing assessed by her treating physician, Dr. Gothard, in a September 23, 2008. (AR 823-825.)

The ALJ rejected Dr. Gothard's limitations in his decision,

---

[1] In the JS, the Commissioner erroneously calculates that the VE testified as to three jobs (fax administrator, customer service, and general clerk), while in fact, the VE's testimony identified fax administrator as the customer service representative position. (AR 865.)

7

concluding that,

> "There is nothing in Dr. Gothard's notes that suggest the doctor was concerned about the [Plaintiff's] allegedly debilitating symptoms, no prescriptions for potent medication and no referral to mental health treatment or a pain clinic. I must therefore discount Dr. Gothard's assessments since they are inconsistent with the objective findings and his own treatment records."

(AR 16.)

Plaintiff makes a non-frivolous challenge to the ALJ's rejection of Dr. Gothard's conclusions, arguing that basing such a rejection on an asserted inconsistency with objective findings and treatment records is conclusory and fails to provide the specific and legitimate reasons, supported by substantial evidence, required by applicable case law. (See JS at 19, citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).)

While the ALJ's written decision is not a model of precision in this regard, it does go beyond merely rejecting Dr. Gothard's assessment as inconsistent with objective findings and treatment records, without identifying them. That is, the ALJ does note additional factors, such as a lack of prescriptions for pain medication, or referral to mental health treatment, or a pain clinic. The Court has noted that in these treatment records (see AR at 366-369), Plaintiff did make substantial pain complaints; however, Dr. Gothard's diagnosis only included diabetes, depression, and obesity, with severe hypertension. (AR 368.) All in all, the Court cannot find

insufficient the ALJ's reasons for rejecting Dr. Gothard's found limitations as to certain exertional functions.

With regard to the absence of certain limitations related to Plaintiff's mental functioning, the Court has already addressed these issues, and found, for example, that the treating psychiatrist's Work Capacity Evaluation of March 25, 2005 was not entitled to be accepted as credible, for the reasons already discussed.

Finally, concerning the jobs identified by the VE, these were identified as being within Plaintiff's current functional capacity based upon how she actually performed these jobs, not as they are generally performed. This distinction does not create a variance with the Dictionary of Occupational Titles ("DOT"). Plaintiff does not assert (other than her challenge to the omissions in the hypothetical question based upon certain limitations which the ALJ rejected), that she did not actually perform the jobs identified in a manner consistent with the RFC assessed by the ALJ.

For the foregoing reasons, the Court finds no error with regard to Issue No. 5.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: February 24, 2011           /s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE